**Dennis Cunningham**
**Lawyer**
**115-A Bartlett Street**
**San Francisco, CA 94110**
**415-285-8091 / fax 285-8092**
denniscunninghamlaw@gmail.com

December 7, 2009

Hon. Vaughn R. Walker, Chief Judge
United States District Court
    For the Northern District of California
U.S. Courthouse
450 Golden Gate Ave.
San Francisco, CA 94102

        Re: <u>Willis/Oliver v/ City of Oakland, etal</u>., No.C-04-2305 VRW

Dear Judge Walker:

    Anne Weills and I have agreed to see if we can help Lavita Oliver and her mother with this civil rights case they have in your court, against two Oakland police officers who shot and killed her brother. I see it has quite a vexed history, and frankly—at least in light of the ghastly nature of the misconduct alleged, described to us by Ms Oliver, and starkly reflected in the Coroner's Report—it seems clearly to still need work before it could realistically be moved towards fair resolution; and especially before these plaintiffs should have to face summary judgment. Despite all the activity, the claims one would expect to see are not clearly presented; and, while I haven't seen nearly everything, my strong impression is that the defense the plaintiffs' side would have to the summary judgment demand has not been adequately made out.
    And so we hesitate. I spoke briefly about it to defense counsel, Jim Hodgkins of the Oakland CAO. I've been working with him on another case and we get along fine so far, but he is understandably reluctant to agree to stay the summary judgment action so we can re-vamp the case; however, it looks to me like that's what's needed. At the same time, we're reluctant to take up the labors which appear necessary without some sense of what the Court would (might) see as appropriate, and possible, given all that's happened so far.
    In this regard, generally, I see at least three areas needing attention: One, some addition, substitution or intervention to provide an Estate as plaintiff for the 4th and 14th Amendment claims of the decedent now asserted by his mother and sister. Two, identification of what state law claims of all plaintiffs (including the estate) are actually available; and, Three, an evaluation of what federal or state claims, if any, are worthy and viable against the City.
    These strike me also as issues the Court would have to come to grips with in some form in any case, in the painstaking and likely also painful analysis—again bearing in mind the extreme violence and apparent wantonness of the shooting which occurred—needed for just disposition of the *pro se* defense to the motion before it.

Hon. Vaughn R. Walker.. page two

Additional issues might also arise from assessment of possible effects or reverberations from prior apparently unauthorized practice on behalf of the plaintiffs...

    Given all this, my strong instinct is to ask the Court first to convene a Rule 16-type conference, on a good date, where we could discuss the prospects for such interventions at this point, and the merits of a stay, possibly along with any needed extension of discovery, and hopefully a firm trial date for the parties to work towards (after six years...). That way as the new lawyers we could at least get off on the right foot, with a minimum of additional time and effort.

    We'll go ahead and file for an estate for Glen Willis, to facilitate whatever happens; and we'll seek a stay (or possibly dismissal without prejudice) of the *pro se* malpractice action Ms. Oliver has filed in Alameda County, which appears un-ripe, and may be moot in the long run—and which both of us intend not to be involved in otherwise—and we'll hope to hear from you and see you soon in Court. Thank you for your concern and understanding in this matter, and for allowing me this rough and ready mode of addressing it. You have my best wishes in the other mighty labors you're involved in these days, and I remain

                                            Respectfully yours,

                                            Dennis Cunningham

cc: James F. Hodgkins, Oakland CAO
     Anne Weills, Esq.