United States District Court
For the Northern District of California

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11   LILLIE WILLIS and LAVITA OLIVER,        No   C-04-2305 VRW

12          Plaintiffs,                      ORDER

13          v

14   CITY OF OAKLAND, a municipal
     corporation; OAKLAND POLICE
15   DEPARTMENT; RICHARD WORD, in his
     capacity as Chief of Police for
16   the CITY OF OAKLAND; CITY OF
     OAKLAND Police Officers FOUGHT
17   and CLEMENT and DOES 6 through
     10, inclusive,
18
            Defendants.
19
     _____/
20

21

22          Plaintiffs move for reconsideration, Doc #160, and for

23   leave to amend the operative complaint, Doc #162.  The motions

24   follow from an unusual and complicated procedural history not

25   repeated here.  See Doc #154 at 1-6.  For the reasons that follow,

26   the motions are DENIED.  The parties are REFERRED to Magistrate

27   Judge Spero for a settlement conference to occur not later than

28   March 31, 2011.

United States District Court

For the Northern District of California

I

On December 28, 2009, the court granted defendants' motion for summary judgment on plaintiff Lavita Oliver's intentional infliction of emotional distress claim and on all Monell claims against the City of Oakland, Oakland Police Department and Richard Word in his official capacity.  Doc #154 at 18.  The court denied summary judgment on plaintiffs' claim for excessive force under 42 USC § 1983 and state law claims for wrongful death, battery and negligent infliction of emotional distress.  Id.  Following the court's summary judgment order, Dennis Cunningham and Anne Weills entered the case as counsel for plaintiffs.

Plaintiffs, through their new counsel, filed a case management statement, which the court construed as a motion to reconsider the order on the Monell claims.  Doc ##160 at 11; 168.  In addition, plaintiffs sought leave to amend their complaint to add a new claim for false imprisonment against additional defendants.  Doc #162.

The court ordered plaintiffs to submit a supplemental memorandum naming the potential new defendants and addressing whether the statute of limitations for the false arrest claim could be tolled.  Doc #170.  In response, plaintiffs appear to have withdrawn their motion to add a claim for false arrest against unnamed Oakland officers.  Doc #171 at 2, 4.  Instead, plaintiffs now seek to amend the complaint to revive their claim under Monell v New York City Dept of Social Services, 436 US 658 (1978), and seek to include the false arrest claim as part of the Monell claim against the City of Oakland.  Doc #172 at 8.  Plaintiffs had

2

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
previously asserted a <u>Monell</u> claim against the City of Oakland; the court granted summary judgment in favor of the City of Oakland because plaintiffs had not presented evidence that their injuries arose from a city policy or custom.  Doc #154 at 17-18.  Accordingly, the proposed amendment hinges on whether the court determines it appropriate to reconsider its prior <u>Monell</u> ruling.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
Plaintiffs' proposed third amended complaint adds very little to the allegations the court previously considered in rejecting plaintiffs' <u>Monell</u> claim.  Doc #172.  Indeed, most of the new allegations focus on the events surrounding the shooting death of Glen Willis.  Id at ¶¶ 14-18.  A single paragraph of the proposed complaint suggests that plaintiffs have a broad policy claim against the City of Oakland but provides no detail to support the allegation that "the Oakland Police Department and its chain of command maintained an unconstitutional policy, custom and practice whereby they routinely and with deliberate indifference to likely consequences, ignored, indulged, and failed to reasonably sanction or correct, clearly slipshod, heedless and oppressive practice and conduct by OPD officers in responding to serious incidents like this one."  Id at ¶ 13.

21
22
23
24
25
26
27
28
A district court has both inherent and statutory authority to modify interlocutory orders any time prior to judgment.  <u>Balla v Idaho State Bd of Corrections</u>, 869 F2d 461, 464 (9th Cir 1989).  Under Civ LR 7-9, a party moving for reconsideration must show: (1) a material difference in fact or law that was not presented to the court despite the reasonably diligent efforts of the party; (2) the emergence of a new material fact or a change in relevant law; or (3) the court manifestly failed to

**United States District Court**

For the Northern District of California

1    consider material facts or dispositive legal arguments presented by

2    the party.  Civ LR 7-9(b)(1)-(3).

3         Plaintiffs' motion for reconsideration and proposed third

4    amended complaint merely recite the same allegations the court

5    considered and rejected when it granted summary judgment on the

6    <u>Monell</u> claim.  See Doc ##154, 160.  Plaintiffs do not offer any

7    evidence to support the emergence of new facts or law since the

8    December 2009 summary judgment order.  Doc #160.  Nor do plaintiffs

9    cite or otherwise refer to the summary judgment order to show with

10   specificity the facts the court failed to consider.  Moreover,

11   plaintiffs' new allegations continue to focus on the events

12   surrounding Glen Willis' death.  Doc #172 at ¶¶ 14-18.  The court

13   noted in the summary judgment order that plaintiffs' <u>Monell</u> claim

14   failed because they had not pointed to evidence "other than Glen's

15   death on August 6, 2003" to support the claim.  Doc #154 at 18.

16   Plaintiffs have not put forth any new arguments or evidence to

17   support revival of the <u>Monell</u> claim.  Accordingly, plaintiffs'

18   motion for reconsideration, Doc #160, is DENIED.

19        Plaintiffs' motion for leave to amend the complaint, Doc

20   #162, hinges upon reassertion of the <u>Monell</u> claim.  Because

21   plaintiffs will not be permitted to reassert a claim under <u>Monell</u>,

22   plaintiffs' motion to amend, Doc #162, is DENIED.  The case is thus

23   limited to the claims described in the court's summary judgment

24   order, Doc #154 at 18.

25   \\

26   \\

27   \\

28   \\

4

**United States District Court**
For the Northern District of California

## II

Plaintiffs seek to alter the caption of the complaint to include Lavita Oliver's status as personal representative of the estate of Glen Willis.  Plaintiffs' second amended complaint sought relief "on behalf of Glen Willis, his mother, Lillie Willis, and his sister, Lavita Oliver."  Doc #119 at 2.  The proposed amendment names an entity capable of recovering for injuries allegedly suffered by Glen Willis but does not alter the claims or the relief sought.

An amendment to add a new plaintiff is appropriate after the statute of limitations has run when the relief sought is identical and the amendment brings in a real party in interest, corrects a purely technical deficiency or substitutes a person or entity "sufficiently aligned" with the person or entity named in the original complaint.  William W Schwarzer et al, <u>Federal Civil Procedure Before Trial</u>, 8:1706; <u>Besig v Dolphin Boating & Swimming Club</u>, 683 F2d 1271, 1278 (9th Cir 1982).

Here, the proposed change does not substantively affect the case.  Defendants do not challenge the proposed amendment and have not argued they face prejudice because of the change.  Because the amendment corrects a technical deficiency and is not prejudicial to defendants, the court will permit an amendment to the face of the complaint naming as plaintiffs Lillie Willis and Lavita Oliver, for herself and as personal representative of the estate of Glen Harlton Willis, deceased.

\\

\\

\\

5

III

For the reasons explained above, plaintiffs' motion to reconsider is DENIED. Doc #160. Except for the limited purpose of adding Oliver's status as personal representative of the decedent's estate, plaintiff's motion for leave to amend the complaint is DENIED. Doc #162. The parties are REFERRED to Magistrate Judge Spero for a settlement conference to occur not later than March 31, 2011.


IT IS SO ORDERED.

_____

VAUGHN R WALKER
United States District Chief Judge