**Dennis Cunningham**
**Lawyer**
**115-A Bartlett Street**
**San Francisco, CA 94110**
**415-285-8091/fax 285-8092**
Denniscunninghamlaw@gmail.com

February 18, 2011

Hon. Vaughn R. Walker, U.S. District Judge
Hon. Joseph C. Spero, U.S. Magistrate Judge
United States District Court
450 Golden Gatae Ave.
San Francisco, CA 94102

     Re: <u>Willis and Oliver v. City of Oakland etal.</u>, No.#:04-cv-2305  JW

\
Your Honors:

  This letter comes late, because an earlier completed version got lost in a computer disaster about a week ago. Nevertheless, I need to alert both of you that my client, Ms Oliver, who has been very upset with the fact that she is losing Judge Walker, is now doubly so, at the prospect of another settlement conference with Judge Spero. I hadn't realized (or more likely forgot) until I met with her recently, that the 'other' earlier conference—I heard a lot about the first one, with Judge James—had been with Judge Spero, and had gone noplace. She now tells me he had a very negative feeling about her case, and her chances, and said so (of course). She felt that conference was useless, and is sure this one will be also if JCS presides.

  Please don't shoot the messenger. I think, over-all, the chances for resolution are slim and none in any case. My client is so far unwilling to come down from her demand of $3 million; whereas Jim Hodgkins (who I spoke to about this, and knows I meant to write the Court about it) thinks $100,000 is the moon. That's not a good auspice...

  To me, this was a ridiculous piece of police work, marked by arrogance, callousness, and a violent, vengeful, extreme over-reaction when the situation brought about by their bungling blew up in their face. Further, I believe this is borne out by the fact that the defendant officers have found it necessary to lie about what happened. Each of them insists that the dead man (after stabbing Officer Clement) relentlessly came towards him (though they were in separate spots), gripping the knife and not going down when he was shot, repeatedly; so each one kept shooting. But there is no gunshot wound to the front of the body. All the shots are in the side or the back; some 20 entry wounds.

  Ms. Oliver, who was standing right there, testified that when her brother burst out of the house with the knife, Officer Fought shot him twice from the side and he went down, face first. She said his face was towards her, and they made eye contact; and she thought, 'Thank God, it's over'. But it wasn't over; Fought went on shooting and Clement joined in; Fought from the right side and Clement from slightly behind Glen's prone body. The Coroner's pathologist in his report and testimony confirmed that there

were two shots close together from the side; then ten more, which entered the right side and coursed across the torso at about a 15-degree angle, back to front. Then there are eight more shots from behind, entering the back at various points and coursing 'upwards' —figured from a body standing straight up, with the waist horizontal—at an angle of about 30 degrees, back to front. In other words, both volleys are consistent with the body being prone on the ground when they were fired, as Ms. Oliver testified.

And let's don't forget that, immediately after witnessing this, she was taken into custody, locked in a room at OPDHQ, and grilled for some hours by homicide detectives; for what?

I feel altogether unwilling to urge Ms. Oliver and her mother to accept any settlement which is not of a dimension consistent with the heedless, vindictive taking of a life; in hot blood, so to speak. From the depositions, I would say the case is eminently triable—even despite the stabbing. But the point here is whether we should go ahead with the settlement conference, in the circumstances, given Ms. Oliver's outlook; or save our energy?

Or, just perhaps, someone else should take a shot at it. It strikes me that settlement now is not possible, because the City is adamant that the killing was justified by the stabbing; but if there were a conference that yielded some good will, it might come back into play, if there should be some movement at the brink of trial. Ms. Oliver has apparently heard good things about Judge Larson, for example—she has brought up his name more than once—and I believe she might well develop some rapport with him that could help, even if the odds are against things working out. I do feel that if real money comes into the picture—commensurate, as I say, with enraged, wanton, lethal retaliation by the officers against a mental patient they drove over the edge with their brainless aggressiveness—there will be a real settlement process.

There is no disrespect to Judge Spero here. I'm sure he called it like he saw it, forthrightly, as always; it simply didn't take, and it left a bad taste. After these many years with the horrible memory pictures coming back to her again and again, and the feelings, without surcease, there's little wonder that her thoughts and expectations about it would have become more-less fixed.

So, that's my communication to you both at this point in the case; and again I'm sorry it didn't get there sooner. The conference is set for March 8th. I'll look for an order changing the program, and if none comes, we'll show up then and do our best. If we're going ahead, please let this letter stand as my settlement conference statement; I don't really have anything to add...

My friendly greetings to you both, and my abiding respect; and, certainly, my felicitations to VRW, as he faces out to new horizons. Free at last!

Sincerely,

Dennis Cunningham

VRW
JCS
cc: James F. Hodgkins, DCA; Oakland CAO